UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SALIMA MCCREE & MATTHEW MCCREE,

                Plaintiffs.

            - against -

THE CITY OF NEW YORK, HEATHER
LEYKAM, MELINDA ALGARIN, ELIZABETH
STANHAM & UMBERTO P. JEAN-LOUIS,

                Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

Case No.: 21-2806

*JURY TRIAL DEMANDED*

    Plaintiffs Salima McCree and Matthew McCree, by their attorneys, Law Office of Caner Demirayak, Esq., P.C., complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1.    Plaintiff brings this civil rights action seeking relief for the violation of plaintiff's rights secured by 42 USC 1983, 1985, and 1988, the Fifth and Fourteenth Amendments to the United States Constitution, and for violations of plaintiffs' federally protected procedural and substantive Due Process rights. Plaintiffs' claims arise from the dismissal of proceedings in the plaintiffs' favor on May 22, 2018 after being maliciously prosecuted since March 24, 2016. During the proceedings the individual defendants, employees of the City of New York, under color of law created false evidence, provided false testimony and sought to terminate the plaintiffs' parental rights in an attempt to cover up the defendants' failures to comply with the laws regulating the provision of educational services to disabled students. During the proceedings, the State of New York conducted an investigation which found that the defendants and their school district failed to provide educational records to the plaintiffs. Such records which proved the use of false evidence. However, the proceedings continued despite the State's findings of noncompliance. Plaintiffs seeks compensatory and punitive damages from the individual defendants, compensatory damages

1

from the municipal, governmental and agency defendants, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## Jurisdiction

2. This action is brought pursuant to 42 U.S.C. 1983, 1985 and 1988, and the Fifth, and Fourteenth Amendments to the United States Constitution.

3. As such jurisdiction of this Court is founded upon 28 U.S.C. 1331, 1343 and 1367.

4. Plaintiff exhausted all administrative remedies prior to commencement of this action.

5. This action is timely commenced within three (3) years of the dismissal of the maliciously instituted proceedings on May 22, 2018.

## Venue

6. Venue is properly laid in the Eastern District of New York pursuant to 28 U.S.C. 1391(b), as such district in the district in which the claims herein arose. Specifically, the maliciously instituted proceedings were conducted in the Kings County, Family Court.

## Parties

7. Plaintiff, Salima McCree is the mother and natural guardian of Kayla McCree and Kaydeo McCree. Plaintiff is a resident of the State of New York, County of Kings.

8. Plaintiff, Matthew McCree is the father and natural guardian of Kayla McCree and Kaydeo McCree. Plaintiff is a resident of the State of New York, County of Kings.

9. Kayla and Kaydeo McCree are severely developmentally disabled and are non-communicative. They cannot speak, read, or write and are seriously developmentally delayed.

10. The plaintiffs were falsely accused of parental neglect and proceedings were instituted against them, which proceedings were dismissed in their favor after 2 years of litigation.

11. At all times alleged herein, defendant Heather Leykam was the Principal of P53K, Special School District 75, who violated plaintiff's rights by providing false testimony and maliciously prosecuting the plaintiffs for false allegations of neglect in an attempt to cover up her and her school's failure to comply with State and Federal law and to properly supervise and provide learning to the plaintiffs' children.

12. At all times alleged herein, defendant Elizabeth Stanham was the School Psychologist of P53K, Special School District 75, who violated plaintiff's rights by providing false testimony and maliciously prosecuting the plaintiffs for false allegations of neglect in an attempt to cover up her and her school's failure to comply with State and Federal law and to properly supervise and provide learning to the plaintiffs' children.

13. At all times alleged herein, defendant Melinda Algarin was a caseworker with the Administration for Children's Services, who violated plaintiff's rights by maliciously instituting proceedings, proffering false evidence and maliciously prosecuting the plaintiffs for false allegations of neglect to terminate the plaintiff's fundamental right of parenting.

14. At all times alleged herein, defendant Umberto P. Jean-Louis was the special assistant corporation counsel and attorney prosecuting the neglect petition against plaintiffs, who violated plaintiff's rights by maliciously prosecuting them, relying on false evidence, and improperly subpoenaing witnesses. This defendant knew the evidence was false but continued the prosecution regardless.

15. At all times hereinafter mentioned the defendants, either personally or through their employees were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

16. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment. However, the employees are sued herein in their individual capacities.

17. Defendant CITY OF NEW YORK maintains the Board of Education, Administration for Children's Services and Corporation Counsel, duly authorized public authorities, authorized to perform all functions of education, child welfare, and a law department/prosecution office as per the applicable sections of the municipal corporation, CITY OF NEW YORK.

18. At all times hereinafter mentioned, the individually named defendants, were duly sworn employees of said departments/agencies and were acting under the supervision of said department and according to their official duties.

## Statement of Facts

19. On March 24, 2016, Melinda Algarin, while working as a child protective specialist prepared and caused to be filed a petition neglect case against plaintiffs seeking termination of their parental rights. This petition was filed following issues that arose in the plaintiffs' children's provision of educational and supervision services at their school district at the end of 2015. Additionally, it became apparent that the school was not properly caring for the plaintiffs' children as they would come home from school with marks and signs of abuse. The school also did not create or ensure that proper educational services were afforded to the disabled students. The plaintiffs did not cause any harm to their severely developmentally disabled children. However, when they began to raise their voice and to ask questions as to the treatment of their children during school time, the proceedings against them began.

20. In or about December 2016, a trial/hearing of this matter was held in which testimony and evidence was submitted. Much if not all of the testimony and evidence submitted against plaintiffs was false.

21. Heather Leykam testified falsely that a meeting was held on November 4, 2016 with the plaintiffs to discuss their children's individualized educational plan ("IEP"). However, no such meeting was ever held, and the parents were never part of any false IEP meetings. In fact, Judge Pitchal stated during the family court proceedings that "we have not seen any documents generated by the November 4, 2016 meeting." The documents created by the defendants show that plaintiffs were not present at such meeting. The IEP draft was created solely for the purposes of court proceedings as the defendants failed to institute or review the IEPs for the students. On December 15, 2017 the State of New York Education Department confirmed these failures during its own investigation.

22. Additionally, testimony was falsely provided that the plaintiffs never called the school administrators back. However, Optimum Voice records confirmed this was false showing over 48 calls by the plaintiffs to the school during the same time period.

23. Moreover, testimony was falsely provided that the plaintiffs' children had rashes in their genital area due to alleged overuse of diapers. However, the family pediatrician Dr. Jerry Watman confirmed in a December 15, 2016 examination that there was no rash but only mild eczema. Additionally, Dr. Jerry Watman confirmed no signs of abuse or neglect by the parents.

24. Elizabeth Stanham falsely testified that an IEP meeting had been held in November 2016. And, at the same time she testified that she did not know when the parents were given a copy of the phony IEP. Moreover, Stanham wrongly testified Kayla was not suffering from autism.

25. By way of correspondence dated November 29, 2016, Heather Leykam submitted a letter to the family court judge requesting the plaintiffs' children be removed from their custody and control due to false allegations of neglect. In the letter, Leykam falsely states the plaintiffs did not speak with her on the phone. She also falsely described the IEPs. And the claims of abuse and neglect were unfounded.

26. On December 1, 2016, Melinda Algarin signed a sworn affidavit in support of an order to show cause again seeking removal of the children to ACS based on Leykam's false November 29, 2016 letter. In addition, a motion was filed seeking to amend the neglect petition to include the additional allegations. Umberto P. Jean-Louis signed the order to show cause seeking the removal of the children and seeking to amend the petition.

27. On December 14, 2016, in response to the Order to Show Cause, Judge Erik S. Pitchal issued an order as to ACS's announced and unannounced visits. He ordered twice weekly visits until the next court date for inspection and supervision by ACS. Again, all of this was obtained with false allegations.

28. During the hearing/trial of this matter the attorney for the children was subpoenaed by Umberto P. Jean-Louis to provide testimony on behalf of ACS. When Jean-Louis prepared the attorney for the children for her testimony she denied that she ever saw the children dirty or neglected. He was unhappy with her answers and upset with Melinda Algarin for bringing the attorney for the children as a witness. However, Jean-Louis took the direct testimony of the attorney for the children anyway and tried to get her to testify inconsistently with her statements to him during trial preparation.

29. The attorney for the children during court recess overheard Jean-Louis tell Elizabeth Stanham and Heather Leykam that he should never have asked the attorney for the

6

children to come as she did not help their case. The attorney for the children discussed this matter with the plaintiffs and their attorney.

30. On January 24, 2017 the plaintiffs submitted a written request for the children's education records of the students to the district. However, the school district did not comply. As such, on August 3, 2017 the plaintiffs filed a complaint with the New York State Education Department, Office of Special Education. On December 15, 2017 New York State completed its investigation and found that the school did not provide evidence the plaintiffs were allowed to inspect the education records. As such the school was found to have violated 34 CFR 300.613 and 8 NYCRR 200.5(d)(6).

31. In the compliance assurance plan New York State provided that: The School must ensure the IEP of a student with a disability shall be reviewed periodically, but not less than annually to determine if the annual goals for the student are being achieved.

32. As such the State required the school to conduct an annual review and to submit to New York State a copy of the meeting notice identifying the purpose of the meeting, a copy of the resulting IEP and a copy of the prior written notice corresponding to the IEP. All of this was to occur by October 31, 2017.

33. This investigation further exposes the falsehoods and maliciousness of the defendants as the 2016 IEPs falsely created for the family court proceedings were never actually instituted and thus could not be subject to annual review and change. This is strange as the phony 2016 IEPs included language stating an annual review would have already occurred by October 2017.

34. New York State also required proof by January 31, 2018 that plaintiffs were afforded an opportunity to inspect and review the education records of the children at the school.

7

The State also required the Principal to submit documentation showing the educational records were reviewed by the plaintiffs.

35. As a result of these findings and required corrective action, the defendants' illegal conduct and deprivation of plaintiffs' civil rights was to be exposed. As such, it was inevitable that by May 22, 2018 the neglect and abuse case would be dismissed as per withdrawal by the City.

36. During these proceedings the plaintiffs' children were removed from them at various times based on the false evidence. Additionally, the defendants were permitted to conduct home inspections of the plaintiffs and their children based on the false evidence. Even when shown evidence that the petition neglect case lacked merit, the defendants continued their malicious prosecution. It was only until the State's investigation exposed the illegality was the case dismissed. Had the plaintiffs not filed a complaint with the State, they likely would have lost their parental rights based on false evidence and violations of their civil rights.

### AS AND FOR A FIRST CAUSE OF ACTION
### Violation of Right to Fair Trial under 42 USC 1983

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 35 with the same force and effect as if fully set forth herein.

38. Defendants created false evidence against plaintiffs.

39. Defendants utilized this false evidence against plaintiffs in legal proceedings.

40. As a result of defendants' creation and use of false evidence, plaintiffs suffered a violation of their constitutional rights to a fair trial, as guaranteed by the United States Constitution.

41. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### Malicious Prosecution under 42 USC 1983

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 40 with the same force and effect as if fully set forth herein.

43. Defendants initiated, commenced and continued malicious prosecutions against plaintiffs. The Defendants acted with malice in that they relied upon and created false evidence and continued the prosecution despite evidence showing the lack of any merit. Moreover, the proceedings were instituted and prosecuted for the purpose of covering up the defendants own misdeeds. Moreover, the prosecuting attorney attempted to elicit perjurious testimony from the attorney for the children with knowledge it was false.

44. Defendants caused plaintiffs to be prosecuted for neglect and abuse without any probable cause, reasonable cause, or valid evidence until the charges were dismissed on May 22, 2018.

45. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### Supervisory Liability under 42 USC 1983

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 44 with the same force and effect as if fully set forth herein.

47. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

48. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
## Municipal Liability under 42 USC 1983

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 47 with the same force and effect as if fully set forth herein.

50. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

51. The aforementioned customs, policies, usages, practices, procedures and rules of the Administration for Children's Services, Board of Education and Corporation Counsel included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that as the moving force behind the violation of plaintiffs' rights as described herein. In addition, the Administration for Children's Services, Board of Education and Corporation Counsel has failed to properly train its employees and defendant City was aware that the employees of such agencies and departments routinely made baseless and facially insufficient accusations and instituted improper claims, depriving said individuals of their constitutional rights. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline and supervise its employees, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

52. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the Administration for Children's Services, Board of Education and Corporation Counsel constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

53. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the Administration for Children's Services, Board of Education and Corporation Counsel were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

54. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the Administration for Children's Services, Board of Education and Corporation Counsel were the moving force behind the Constitutional violations suffered by plaintiffs as alleged herein.

55. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the Administration for Children's Services, Board of Education and Corporation Counsel, plaintiffs were maliciously prosecuted.

56. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs constitutional rights.

57. All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, to receive their right to fair trial, and to be free from malicious prosecution.

58. As a result of the foregoing, plaintiff are entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual

defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
## 42 USC 1983 Federal Civil Rights Violations

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 57 with the same force and effect as if fully set forth herein.

60. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

61. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fifth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 USC 1983.

62. The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment. Said acts by the Defendants were without authority of law, an abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by Article I, Section 12 of the New York Constitution and the United States Constitution.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
## 42 USC 1983 Conspiracy

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 61 with the same force and effect as if fully set forth herein.

64. Defendants are liable to plaintiff because they agreed to act in concert, with each other, to inflict unconstitutional injuries; and committed overt acts done in furtherance of that goal causing damage to plaintiff.

65. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

I. Compensatory damages in an amount to be determined by a jury, but not less than $5,000,000;

II. Punitive damages in an amount to be determined by a jury;

III. Costs, interest and attorney's fees, pursuant to 42 USC 1988; and

IV. Such other and further relief as this Court may deem just and proper, including declaratory relief.

LAW OFFICE OF CANER DEMIRAYAK, ESQ., P.C.

Dated: Brooklyn, New York
May 18, 2021

_____/s/_____
Caner Demirayak, Esq.
300 Cadman Plaza West
One Pierrepont Plaza, 12th Floor
Brooklyn, New York 11201
718-344-6048
caner@canerlawoffice.com
CD7920